DOUGLAS A. HIRANO
Name and Prisoner/Booking Number

Place of Confinement

1707 Hoolaulea Street
Mailing Address

Pearl City, Hawaii 96782
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

FILED ___ LODGED
___ RECEIVED ___ COPY
JAN 2 1 2020
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

DOUGLAS AKIRA HIRANO,
(Full Name of Plaintiff)

Plaintiff,

v.

(1) SIS LIEUTENANT DAVIDSON,
(Full Name of Defendant)

(2) UNITED STATES OF AMERICA,

(3) _____,

(4) _____,

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. CV20-165-PHX-MTL--DMF
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☒ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
   ☒ Other: 28 U.S.C. 2675(a), Federal Tort Claims Act

2. Institution/city where violation occurred: Federal Correctional Institution Phoenix.

## B. DEFENDANTS

1. Name of first Defendant: SIS LIEUTENANT DAVIDSON. The first Defendant is employed as: SIS LIEUTENANT (Position and Title) at FCI PHOENIX (Institution).

2. Name of second Defendant: UNITED STATES OF AMERICA. The second Defendant is employed as: as: _____ (Position and Title) at _____ (Institution).

3. Name of third Defendant: _____. The third Defendant is employed as: _____ (Position and Title) at _____ (Institution).

4. Name of fourth Defendant: _____. The fourth Defendant is employed as: _____ (Position and Title) at _____ (Institution).

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?   ☒ Yes   ☐ No

2. If yes, how many lawsuits have you filed? __15+__. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: HIRANO v. SIS LT. SCOTT WILLIAMS
      2. Court and case number: EDCV 13-2371- DMG(AGR)
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) Case settled for $50,000. Hirano proceeded pro-se throughout litigation, settlement.
   b. Second prior lawsuit:
      1. Parties: HIRANO v. GLENN KAKUDA, et. al.,
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) Prevailed at trial and on appeal. Case settled for $125,000. Represented by Dorothy Sellers and Carl Varady, ACLU, Hawaii.
   c. Third prior lawsuit:
      1. Parties: HIRANO v. PAULINE YOUNG I
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) One of four cases consolodated. Settled for $2,250.

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

d. Fourth prior lawsuit.

    1. Parties: HIRANO v. PAULINE YOUNG II.

    2. Court and case number: United States District Court for the District of Hawaii.

    3. Settled for $2,250.

e. Fifth prior lawsuit.

    1. Parties: Hirano v. State

    2. Court and case number: District Court of the First Circuit, State of Hawaii, Small Claims.

    3. Result: Settled for $2,250.

f. Sixth prior lawsuit.

    1. Parties: HIRANO v. STATE OF HAWAII

    2. Court and case number: District Court of the First Circuit, State of Hawaii.

    3. Settled for $2,250.

g. Seventh prior lawsuit.

    1. Parties: LOGAN HOSE v. WARDEN?

    2. Court and case number: United States District Court for the District of Hawaii.

    3. Result: Settled for $22,000.

h Eighth prior lawsuit.

    1. Parties: JEAN HIRANO v. WARDEN?

    2. Court and case number: United States District Court for the District of Hawaii.

    3. Settled for $21,700.

i.  Ninth prior lawsuit.
    1.  Parties: HIRANO v. JANICE NEILSON.
    2.  Court and case number: United States District Court for the district of Hawaii.
    3.  Lost at summary judgment.

j.  Tenth prior lawsuit.
    1.  Parties: HIRANO v. HANUNA.
    2.  Court: United States District Court for the District of Hawaii.
    3.  Lost after bench trial. Hirano proceed pro-se throughout litigation and excessive use of force trial.

k.  Eleventh prior lawsuit.
    1.  Parties: HIRANO v. MABELLOS.
    2.  Court: Circuit Court of the First Circuit, State of Hawaii.
    3.  Lost after bench trial. Hirano proceed pro-se at trial.

l.  Twelveth prior lawsuit.
    1.  Parties: HIRANO v. SESEPASERA.
    2.  Court: US District Court, Hawaii District.
    3.  Result: Excessive use of force case lost at trial.

Plaintiff's litigation efforts span over a thirty year period. Plaintiff is unable to recall any other cases at this time.

STATEMENT OF THE FACTS

1. For the period February 2010 through December 2012, Plaintiff was incarcerated at the United States Penitentiary ("USP") Victorville.

2. While at USP Victorville, Plaintiff was subjected to mistreatment, abuse and torture by Special Investigative Section ("SIS") Lieutenant SCOTT WILLIAMS and Defendants United States of America and its employees.

3. Plaintiff filed a Bivens and Federal Tort Claims action.

4. During the litigation, defendant SIS Lt. WILLIAMS was fired by the BOP and subsequently committed suicide.

5. On November 1, 2017, the civil action was settled for $50,000. (See HIRANO v. WILLIAMS, EDCV 13-2371-DMG(AGR) Stipulation and Compromise Settlement and Dismissal).

6. On March 5, 2018, Plaintiff was suddenly and unexpectedly placed in restrictive confinement in the Special Housing Unit("SHU").

7. Plaintiff was subjected to mistreatment, abuse and torture--yet again.

8. On or about March 14 or 19, 2018, Defendant SIS Lt. DAVIDSON informed Plaintiff that his restrictive confinement in the SHU "[was] not punitive." Defendant DAVIDSON stated, "You were overheard bragging about winning a lawsuit where another SIS Lieutenant was fired and committed suicide. An Officer, who used to work with Lt. WILLIAMS, does not like seeing you walk around the Compound. Every time he does, **issues arise** (emphasis in the original). I am transferring you to another facility."

9. Plaintiff voiced his concerns to Officer in Charge ("OIC") Lt. Hellig in regards to his arbitrary placement in restricted confinement in the SHU and mistreatment. Lt. Hellig enlightened Plaintiff explaining, "The Officer in question possessed a sense of duty, honor and loyalty to the deceased Defendant WILLIAMS and his fellow co-workers at USP Victorville to retaliate and assault Plaintiff for causing defendant WILLIAMS to get fired from the BOP and committing suicide. Because the Officer's threats were taken seriously, you were placed in the SHU for your own protection."

10. Soon after being wrongfully confined to the SHU, Plaintiff began experiencing excruciating lower abdominal and colorectal pain, and bloody diarrhea. Plaintiff began defecating 10-20 times per day. Plaintiff suffered extreme dehydration and lost about 20 lbs. within three weeks. Plaintiff's fingertips split open with cuts, and layers of skin peeled from both his hands and feet.

11. Plaintiff was rushed to the Emergency Room at the local Hospital. Plaintiff was administered intravenous steroids, fluids, morphine and percoset. Plaintiff remained in the Hospital for eight days taking intravenous fluids and meds.

12. Plaintiff soon became bedridden, was unable to take exercise, and could not leave his cell.

13. Plaintiff's condition remained the same until late May of 2018.

14. Plaintiff's medical condition and suffering was caused by stress that the unnecessary and wrongful placement in restricted

confinement in the SHU created.

15.  Plaintiff has exhausted all available Administrative Remedies by filing:  BP-8.5; BP-9; BP-10; and, BP-11.

16.  Plaintiff was never charged with lying or providing false information in regards to the facts set-forth in the Administrative Remedies.

17.  Plaintiff has also filed a claim for Damage, Injury or Death pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. 1346 and 2671, Administrative Claim No.  TRT-WXR-2019-00270.

18.  In June of 2018, Plaintiff's security/custody classification points dropped to 13, which is a low custody.  As such, Plaintiff should have been transferred to a low facility.

19.  Defendant DAVIDSON's report and request for transfer to the Designation & Sentence Computation Center ("DSCC") resulted not only in a transfer to FCI Florence, Colorado, however, the addition of a "Management Variable," requiring Plaintiff to remain at a medium custody level and facility for an additional year.

20.  While at FCI Phoenix, Plaintiff was promised one year of halfway house placement.

21.  While at FCI Florence, Case Manager Smith adopted the policy, practice, custom and usage of never referring inmates for more than six months of halfway house.

22.  Plaintiff eventually received only 90 days of halfway house placement.

23.  Plaintiff has suffered a physical injury necessary to recover for emotional and mental distress.

24.    The Bureau of Prisons and its employees possess a legal duty and obligation to protect, to provide for safe and secure custody, and to furnish ordinary care, which is degree of care required of a reasonably prudent individual.

25.    As such, there should never be a situation where an inmate must be placed in the SHU under protective custody because a Correctional Officer possesses a sense of loyaty and duty to assault him.

26.    Instead of merely confronting the Correctional Officer in regards to his illegal behavior, Defendant DAVIDSON selected to wrongfully incarcerated Plaintiff in restrictive confinement in the SHU for three and one half months and transfer Plaintiff toanother facility, in the absence of any regard for Plaintiff's rights or well-being.

## D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: <u>The Due Process Clause of the Fifth Amendment of the United States Constitution.</u>

2. **Count I.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☒ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   <u>The acts and omissions of Defendant SIS LT. DAVIDSON as so stated in paragraphs 1-26 of the Statement of Facts, supra, abridged the due process clause of the Fifth Amendment when he arbitrarily subjected Plaintiff to restrictve confinement in the SHU for three and one half monthsand transferred him to another facility because Plaintiff was "overheard bragging about winning a lawsuit."</u>

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   <u>PLaintiff was wrongfully subjected to restricted confinement in the SHU for three and one half months and ntransferred to another facility.</u>

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Count I? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Count I to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

9

## COUNT II

1. State the constitutional or other federal civil right that was violated: <u>The Cruel and Unusual Punishment Clause of the Eighth Amendment, United States Constitution</u>

2. **Count II.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☒ Other: <u>Wrongful restricted confinement in SHU.</u>

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what each **Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   The acts and omissions of Defendant SIS LT. DIVIDSON as so stated in paprsagraphs 1-26 of the Statement of Facts, supra, abridged the cruel and unusual punishment clause of the Eighth Amendment when he arbitrarily and wrongfully subjected Plaintiff to restricted confinement in the SHU and transfer to another facility because Plaintiff was overheard about winning a lawsuit.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   Plaintiff was wrongfully and unnecessarily subjected to restricted confinement in the SHU for three and one half months, suffered serious medical illness mandating emergency medical care, and transfer to another facility requiring Plaintiff to remain in prison longer than he should have.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Count II? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Count II to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

## COUNT III

1. State the constitutional or other federal civil right that was violated: <u>28 U.S.C. 1346(b),</u> <u>Federal Tort Claims Act, Plaintiff alleges the torts of negligence,</u> <u>negligent infliction of emotional distress, intentional infliction</u>
2. **Count III.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☒ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: <u>of emotional distress.</u>

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

<u>Defendant UNITED STATES OF AMERICA has expressly waived liability for the torts of its employees pursuant to the Federal Tort Claims Act. The acts and omissions of Defendant UNITED STATES OF AMERICA and its employees as so alleged in paragraphs 1-26 of the Statement of Facts, supra, violate the common law torts of simple negligence. This is so, because, the UNITED STATES OF AMERICA and its employees possess a legal obligation and duty to protect, provide for safe and secure custody, and to furnish ordinary care--which is a degree of care required of a reasonably prudent individual. Defendant UNITED STATES OF AMERICA and its employees also possess a legal duty and obligation to abide by their own rules, regulations and policy statements. The failure to do so constitutes negligence for the purposes of the Federal Tort Claims Act.</u>

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
<u>Plaintiff was wrongfully and unnecessarily subjected to restricted confinement in the SHU for three and one half months, suffered serious medical illness mandating emergency medical care, and transfer requiring him to remain in prison longer than he should have (habeas corpus finding).</u>

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☒ Yes   ☐ No
   b. Did you submit a request for administrative relief on Count III?   ☒ Yes   ☐ No
   c. Did you appeal your request for relief on Count III to the highest level?   ☒ Yes   ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.

11

## E. REQUEST FOR RELIEF

State the relief you are seeking:
Grant compensatory and punitive damages against Defendants SIS LT. DAVIDSON and the UNITED STATES OF AMERICA in the amount of $100,000.

Grant any such other relief as it may appear Plaintiff if entitled.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _January 12, 2010_
       DATE

_[signature]_
SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)


_____
(Signature of attorney, if any)


_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.