**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas A Hirano, | No. CV-20-00165-PHX-MTL (DMF) |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Davidson, et al., | |
| Defendants. | |

Before the Court is Plaintiff Douglas Hirano's appeal (Doc. 12) from the Magistrate Judge's July 31, 2020 Order (Doc. 11). For the reasons discussed herein, the appeal is denied. In addition, the Court will dismiss this action in its entirety because Plaintiff has failed to satisfy the Court's Order to Show Cause (Doc. 8) and has not timely served any Defendant in this case.

I.

On January 21, 2020, Plaintiff filed a Prisoner Civil Rights Complaint (the "Complaint"). (Doc. 1.) On March 13, 2020, the Court noted that Plaintiff had paid the filing fee and ordered that Plaintiff must either serve each Defendant or seek a waiver of service of each Defendant within 90 days of the filing of the Complaint or the action may be dismissed as to each Defendant not served. (Doc. 5.) Plaintiff moved for an extension of time to effectuate service of Defendants on April 28, 2020. (Doc. 6.) In an Order entered on May 8, 2020, the Magistrate Judge noted that Plaintiff was no longer in custody and granted the motion in part, extending Plaintiff's deadline to complete service of process or

obtain a waiver of service to July 7, 2020 and directing the Clerk of Court to send Plaintiff a service packet including the Complaint, the Court's March 13, 2020 Order, the May 8, 2020 Order, and both summonses and request for waiver forms for Defendants. (Doc. 7 at 3.)

Plaintiff did not provide the Court with proof of service before that deadline expired. Accordingly, on July 17, 2020, the Magistrate Judge entered an Order to Show Cause, allowing Plaintiff 14 days to effectuate service of Defendants or "show cause in writing why the case should not be dismissed for failure to timely serve any of the defendants in this matter." (Doc. 8.) Instead of responding to the Order to Show Cause, Plaintiff, on July 28, 2020, moved "to hold this action in abeyance until [he] notifies the Court that he is ready to proceed." (Doc. 10 at 2.) In that motion, Defendant stated he "was unexpectedly returned to prison on June 14, 2020," he "was immediately placed in solitary confinement for 14 days" pursuant to the Bureau of Prisons' pandemic quarantine policy, and that he lacked access to his "legal documents." (*Id.* at 1–2.) The motion further noted that Plaintiff "may be released to a residential drug treatment program within 30 days." (*Id.* at 2.)

On July 31, 2020, the Magistrate Judge denied Plaintiff's request to hold this action in abeyance and determined Plaintiff had not satisfied the Order to Show Cause, noting that "a few days remain[ed] for Plaintiff to respond" to that Order. (Doc. 11.) Plaintiff then filed the pending appeal. (Doc. 12.)

II.

Within 14 days of being served a copy of a magistrate judge's order deciding a pretrial, nondispositive matter, "[a] party may serve and file objections to the order."[*] Fed. R. Civ. P. 72(a). The district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

Here, Plaintiff objects to the Magistrate Judge's July 31, 2020 Order. His objection is premised largely on facts asserted for the first time in his objection. Specifically, Plaintiff

---

[*] Where, as is the case here, the effect of a motion to stay is not the denial of relief, the motion is a non-dispositive matter that may be determined by a magistrate judge. *S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013).

alleges that he "attempted, on numerous occasions, to serve the Defendants in this case," he went to the United States Marshal's service in Honolulu, Hawaii, and he then called the United States Marshal's service in Arizona "more than five times" but "reach[ed] a recording that promptly hung-up" each time. (Doc. 12 at 1.) Plaintiff further explains he subsequently "fell seriously ill with Ulcerative Colitis," which required him to seek "Emergency Room care" on two occasions. (*Id.*) And he contends he "already paid more than $800 in filing fees and administrative costs" and states that "dismiss[ing] this case would require [him] to pay another $400 to [refile] the case." (*Id.*) In addition to those new allegations, Plaintiff reiterates that he does not have his legal documents and anticipates placement in a residential drug treatment program. (*Id.*)

This Court "has discretion, but is not required, to consider evidence or arguments presented for the first time in objections to a [Magistrate Judge's order]." *Bland v. Rodriguez*, 2020 WL 5793806, *1 (E.D. Cal. Sept. 29, 2020) (citations omitted); *see Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002). Exercising that discretion, the Court will not consider the newly alleged facts. The Ninth Circuit has observed:

> [A]ffording district courts discretion to consider new evidence makes prudential sense. The magistrate judge system was designed to alleviate the workload of district courts. To require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court.

*United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000) (internal citations and quotations omitted). In addition to those prudential concerns, Plaintiff has made no attempt to explain why he was unable to assert the new facts in response to the Court's Order to Show Cause or in his motion for abeyance. Accordingly, the Court will not consider the facts Plaintiff raises for the first time in his objection.

The Court further finds that no part of the Magistrate Judge's July 31, 2020 Order is clearly erroneous or contrary to law. "A district court has discretionary power to stay

- 3 -

proceedings in its own court . . . ." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). The Magistrate Judge denied Plaintiff's motion because he had "not shown good cause for any stay of this matter, let alone an indefinite stay." (Doc. 11 at 2.) And the Magistrate Judge further noted that Plaintiff has "had sufficient time since March 13, 2020, to effectuate service, including before his recent incarceration." (*Id.*) Clear error exists only if the Court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001). That is not the case here.

III.

Accordingly,

**IT IS ORDERED denying** Plaintiff's Objections to Magistrate's Order (Doc. 12).

**IT IS FURTHER ORDERED** that Plaintiff's request that the Court send him a copy of the Complaint in this action is **granted**. (Doc. 14.) The Clerk of the Court shall mail a copy of the Complaint (Doc. 1) to Plaintiff.

**IT IS FURTHER ORDERED dismissing** this action in its entirety, without prejudice, because Plaintiff has not satisfied the Court's Order to Show Cause (Doc. 8) and has not timely served any Defendant in this matter.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall close this case.

Dated this 7th day of December, 2020.

Michael T. Liburdi
United States District Judge